UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL RAGLAND,<br><br>  Plaintiff,<br><br>  vs.<br><br>JOSHUA LAURENT, et al.,<br><br>  Defendants. | CASE NO.  CV 14-09246-PA (MANx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court will remand this unlawful detainer action to state court summarily, because it was removed improperly.

On December 2, 2014, defendant Joshua Laurent ("Defendant") filed a Notice of Removal of an unlawful detainer action commenced by a complaint filed on October 15, 2014 (the "Complaint"), in Los Angeles Superior Court Case No. 14U13243.  Defendant also presented an application to proceed *in forma pauperis*.  The Complaint alleges what appears to be a routine state law unlawful detainer claim against Defendant and another person (the "Unlawful Detainer Action").  The Court has denied the *in forma pauperis* application under separate cover, because the Unlawful Detainer Action was not properly removed.  To prevent the Unlawful Detainer Action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Defendant alleges that the Complaint is removable, because this Court has original

jurisdiction over the Unlawful Detainer Action pursuant to 28 U.S.C. § 1331. However, given that the Complaint does not allege any basis for federal subject-matter jurisdiction, there is no basis for concluding that the Unlawful Detainer Action could have been brought in federal court in the first place, and therefore, removal is improper. 28 U.S.C. § 1441; *see* Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S.Ct. 2611 (2005).

With respect to federal question jurisdiction, the Complaint presents a routine state law unlawful detainer action and does not raise any federal question or issue. Defendant asserts that federal question jurisdiction exists, because plaintiff has engaged in federal housing discrimination and has violated Defendant's procedural due process and other rights in connection with the rental property that is the subject of the Unlawful Detainer Action. Defendant further asserts that he will be filing a civil action for damages against plaintiff. To invoke removal based upon federal question jurisdiction, however, the federal issue or claim must arise in the underlying complaint that a defendant seeks to remove. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808, 106 S. Ct. 3229 (1986) ("the question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint,' and "the question for removal jurisdiction must" be determined based upon the complaint's allegations). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Id.* Even if Defendant could establish that plaintiff has engaged in wrongful conduct in violation of federal law in connection with the rental property that is the subject of the Unlawful Detainer Action, this would be a defense or cross-claim in that state action and/or the basis for a separate lawsuit, which does not confer federal question jurisdiction over the Unlawful Detainer action.

Defendant does not contend that diversity jurisdiction exists, for good reason. The Complaint shows that the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. Indeed, the Complaint expressly alleges that the amount demanded "does not exceed $10,000." In his Civil Cover Sheet, Defendant alleges that all parties to the Unlawful Detainer Action are citizens of California. Thus, diversity jurisdiction is

lacking. *See* 28 U.S.C. § 1332(a).

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk shall send a certified copy of this Order to the state court; and (3) the Clerk shall serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: December 3, 2014

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE